**IN THE COURT OF APPEALS OF IOWA**

No. 15-1132
Filed October 14, 2015

**IN THE INTEREST OF R.B.,**
**Minor Child,**

**R.T., Father,**
**Appellant,**

**E.C., Mother,**
**Appellant.**

_____

Appeal from the Iowa District Court for Black Hawk County, David F. Staudt, Judge.

The mother and father appeal the termination of their parental rights to their child, R.B. **AFFIRMED ON BOTH APPEALS.**

Michael Lanigan, Waterloo, for appellant father.

Michelle Jungers of Iowa Legal Aid, Waterloo, for appellant mother.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, Linda Fangman, County Attorney, and Steven Halbach, Assistant County Attorney, for appellee State.

Melissa Anderson Seeber of the Waterloo Public Defender, Waterloo, attorney and guardian ad litem for minor child.

Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**VOGEL, Judge.**

The mother and father separately appeal the termination of their parental rights to their child, R.B. The mother asserts she should be granted an additional six months to work towards reunification, and the district court improperly concluded termination is in the child's best interests due to the parent-child bond. The father asserts the State failed to show he could not adequately care for R.B. We conclude the mother should not be granted more time because she has failed to engage in the offered services to correct the issues that led to the termination proceedings. Moreover, due to the father's unresolved substance abuse issues and domestic violence, the State established R.B. cannot be returned to his care. Given the father's issues and well as the mother's substance abuse and mental health problems, it is also in R.B.'s best interests their rights are terminated. Consequently, we affirm the order of the district court.

R.B., born December 2013, has been out of both parents' care since May 2014. He was removed due to allegations of substance abuse in the home, with the mother having reported using methamphetamine and marijuana while caring for him.[1] He was placed in foster care, where he remained at the time of the termination hearing. R.B. was adjudicated a child in need of assistance (CINA) on June 4, 2014. The parents were allowed supervised visitation with R.B. several times each week; however, many of the visits were cancelled because neither parent attended, they arrived late, or they could not stop arguing during the visit.

---

[1] Prior to R.B.'s removal, a registered sex-offender was living at the residence. Both parents admitted to knowing the man's history and to allowing him access to R.B.

The mother suffers from attention deficit disorder, anxiety, and depression, for which she is prescribed medication. However, she only sporadically attends counseling services, and her compliance with her prescribed medication regimen is questionable. She has also abused methamphetamine. With regard to treatment, the district court noted:

> [The mother] has repeatedly been offered opportunities to complete substance abuse evaluations and substance abuse treatment by way of extended outpatient treatment. Her efforts have been inconsistent and noncompliant. She has not participated as recommended in substance abuse treatment. She has repeatedly missed appointments and meetings. [The mother] has repeatedly failed to appear for her random drug testing. [The mother] appeared for some drug testing which resulted in positive results for methamphetamine.

The father suffers from substance abuse issues as well. On March 6, 2015, he reported that if he were to be drug tested, he would likely test positive for methamphetamine. He never consistently attended treatment, nor did he avail himself of the individual counseling sessions offered to him. Additionally, he has an extensive criminal history, and as of the termination hearing, he was on probation for operating while intoxicated (OWI), second offense, and willful injury.[2]

The father has also been accused of physically abusing the mother, though both parents repeatedly denied domestic abuse occurred.[3] In the beginning of September 2014, the mother was hospitalized. The DHS worker

[2] The department of human services (DHS) report noted the father "has been arrested approximately ten times for various different reasons which include domestic assault, two OWIs, willful injury, possession of marijuana, and public intoxication. He is currently on probation for the willful-injury-causing-bodily-injury and OWI/aggravated misdemeanor/second offense."

[3] The therapist testified that, in the third session of couples counseling, "they were able to acknowledge that conflicts had escalated to the point where there was physical violence between the two of them."

called the mother's physician, who told her the mother had been struck so hard her small intestine had exploded, which required surgery, and she had significant bruising around her neck, bite marks on her arm, and also reported being raped. She told the nurses her boyfriend inflicted the injuries but later denied the claim. The mother obtained a restraining order against the father, but they later resumed their romantic relationship, and the restraining order was lifted on October 16, 2014, granting a motion filed by the mother. They were offered couples counseling and only "inconsistently" attended.

The following services were offered to the family during the pendency of these proceedings: family safety, risk, and permanency services; parent skill development; supervised visitation; substance abuse evaluation and treatment; random drug testing; mental health evaluations; individual and family counseling; and community resources.

On January 9, 2015, the State filed a petition to terminate the mother's and father's parental rights. A contested termination hearing was held on January 29, 2015, after which the district court granted the parents additional time to work towards reunification, setting the next hearing for May 27. However, due to the decline in the parents' progress, the termination hearing was reconvened on April 22 and 23, 2015, which the parents attended but did not present evidence or testimony. In an order filed June 18, 2015, the district court terminated both the mother's and father's parental rights pursuant to Iowa Code section 232.116(1)(e) and (h) (2015). The parents appeal.

We review termination proceedings de novo. *In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999). The grounds for termination must be proved by clear and convincing evidence. *Id.* Our primary concern is the child's best interest. *Id.*

The record supports the district court's denial of the mother's request that she be granted additional time to work towards reunification. She has been offered extensive services, as well as a previous time-extension following the January termination hearing. She has failed to engage in services or make any notable progress in resolving her substance abuse, mental health, or relationship issues, all of which pose a danger to R.B. "We have repeatedly followed the principle that the statutory time line must be followed and children should not be forced to wait for their parent to grow up." *In re N.F.*, 579 N.W.2d 338, 341 (Iowa Ct. App. 1998); *see also* Iowa Code § 232.116(2). Therefore, we conclude the mother should not be granted additional time.

Moreover, we do not agree the parent-child bond precludes termination. As the district court noted: "As long as both parties continue to ignore their substance abuse problems, mental health concerns, and relationship issues, the minor child would not be able to thrive in their presence." The mother has failed to resolve any issues that led to the CINA adjudication, despite being given ample time and opportunity to do so. *See In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006) (noting a parent's past behavior is indicative of her future actions). Given these problems that render her unable to care for R.B., termination of her parental rights is in the child's best interests, despite the existence of the parent-child bond.

Furthermore, the State proved R.B. cannot be returned to the father's care.[4] He has failed to attend substance abuse treatment, he continues to abuse methamphetamine, and he has not ceased criminal activity. He also continues to deny any domestic abuse occurred and does not appear to comprehend the danger that violence poses to R.B. *See In re H.R.K.*, 433 N.W.2d 46, 50 (Iowa 1988) (noting it is important for the parent to recognize abuse has occurred before genuine progress can be made). The record is clear the father has not made an effort to resolve the problems that led to R.B.'s removal and, more importantly, R.B. cannot be returned to the father's care. Consequently, the State proved his rights should be terminated pursuant to paragraph (h).

For the foregoing reasons, we affirm the termination of the mother's and father's parental rights to R.B.

**AFFIRMED ON BOTH APPEALS.**

---

[4] To terminate parental rights under Iowa Code section 232.116(1)(h), the State must prove the child is three years of age or younger, has been adjudicated CINA, has been removed from the physical custody of the parent for at least six months of the last twelve months, and there is clear and convincing evidence the child cannot be returned to the parent's custody.